UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VINCENT MORAN,<br><br>                              Plaintiff(s),<br><br>    -*against*-<br><br>THE NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, and JACOBI MEDICAL CENTER<br><br>                              Defendant(s). | **Docket No.: 20-cv-8225**<br><br>**VERIFIED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF**, VINCENT MORAN by his attorneys, NAPOLI SHKOLNIK, PLLC, complaining of Defendants, upon information and belief respectfully alleges as follows:

### JURISDICTION AND VENUE

1. That at all times herein mentioned, Plaintiff VINCENT MORAN was and still is resident of the State of New Jersey, County of Bergen.

2. That at all times hereinafter mentioned the defendant THE NEW YORK CITY HEALTH AND HOSPITALS CORPORATION (hereinafter referred to as "NYCH&HC") was and is a municipal corporation organized and existing under and by virtue of the Laws of the State of New York.

3. That at all times herein mentioned, defendant JACOBI MEDICAL CENTER (hereinafter referred to as "JACOBI") was and is a medical facility within the State of New York, County of Bronx, located at 1400 Pelham Parkway South, Bronx, New York 10461.

4. That within ninety (90) days after the cause of action accrued and before the commencement of this action, plaintiff caused to be served upon defendant NYCH&HC., a Notice



of Claim, in writing, setting forth the time, place and cause of the accident and damage sustained and gave notice that if the claim was not settled or adjusted within the time limited for compliance with this demand by defendant NYCH&HC., by the Statutes in such cases made and provided, suit would be commenced against defendant NYCH&HC., for damages by reason of the facts herein set forth.   The NYCH&HC., Claim Number is 2020PI015564.

5. That more than thirty (30) days have elapsed since the presentation of Claim and Notice of Intention to Sue and THE NEW YORK CITY HEALTH AND HOSPITALS CORPORATION has neglected and refused to make any payment.

6. That not more than fifteen (15) months have elapsed from the time the cause of action accrued and the commencement of this action.

7. That pursuant to §50(h) of the General Municipal Law a hearing was held on October 2, 2020.

8. That defendants have refused or neglected for more than thirty (30) days and up to the commencement of this action to make any adjustment or payment thereof, and thereafter, and within the time provided by law, this action has been duly commenced.

9. That this action is being commenced within one (1) year and ninety (90) days of the date of the occurrence herein against the defendants.

10. That Jurisdiction with this Honorable Court is proper as the provides the remedy with respect to plaintiff's claims against defendants.

11. That the cause of action arose in the State of New York, County of Bronx.



12. The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.

13. That this court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(2).

14. That venue is proper pursuant to 28 U.S.C. §1391(b)(2).

15. That at all times stated herein, the Defendant, NYCH&HC, owned medical facilities known as JACOBI MEDICAL CENTER, for the care of sick and ailing persons.

16. That at all times stated herein, the Defendant, NYCH&HC, controlled medical facilities known as JACOBI MEDICAL CENTER, for the care of sick and ailing persons.

17. That at all times stated herein, Defendant NYCH&HC., its agents, servants, and employees leased medical facilities known as JACOBI MEDICAL CENTER, for the care of sick and ailing persons.

18. That at all times stated herein, Defendant NYCH&HC., its agents, servants, and employees managed medical facilities known as JACOBI MEDICAL CENTER, for the care of sick and ailing persons.

19. That at all times stated herein, Defendant NYCH&HC., its agents, servants, and employees operated medical facilities known as JACOBI MEDICAL CENTER, for the care of sick and ailing persons.

20. That on or about December 17, 2019, Plaintiff VINCENT MORAN. was lawfully within the medical facilities known as JACOBI MEDICAL CENTER, specifically, at or



near the elevator bank located in or near the lobby of said premises.

     21.     That on or about December 17, 2019, plaintiff suffered serious and severe permanent personal injuries when he was caused to slip and fall on a wet and slippery substance located at the elevator bank in or near the lobby of said premises.

     22.     That on or about December 17, 2019, there were no warning signs, posts, and/or placards regarding the dangerous condition located at the subject premises.

     23.     That on or about December 17, 2019, and sometime prior thereto defendant NYCH&HC., caused and created said dangerous condition within the subject premises.

     24.     That the accident and resulting injuries sustained by Claimant occurred as a result of the of the negligence, recklessness and carelessness of defendants, their agents, servants, employees and contractors, in the ownership, operation, maintenance, management, control, supervision, and inspection of the aforesaid premises.

     25.     The above mentioned occurrence and the results thereof were caused by the negligence and carelessness of the defendant NYCH&HC.,., its agents, servants, employees and/or licensees in the ownership, operation, management, maintenance, inspection and control of the aforesaid premises; in causing, allowing and permitting said premises at the location above mentioned to be, become and remain for a period of time after notice, either actual or constructive, of a dangerous, trap like and/or hazardous condition; in causing, allowing and permitting a trap to exist at said location; in failing to maintain the aforesaid premises in a reasonably safe and proper condition; in causing, allowing and permitting an obstruction to plaintiff's safe passage at said location; in failing to provide plaintiff with a safe and proper premises; in causing, allowing and permitting the existence of a defective condition to interfere with and prevent plaintiffs safe



passage; in causing, allowing and permitting the existence of a condition which constituted a trap, nuisance, menace and danger to persons lawfully traversing said premises; in failing to have taken necessary steps and measures to have prevented the above mentioned premises from being used while in said dangerous condition; in failing to give plaintiff adequate and timely signal, notice or warning of said condition; in negligently and carelessly causing and permitting the above said premises and lobby to be and remain in said condition for an unreasonable length of time, resulting in a hazard to the plaintiff and others; in failing to take suitable and proper precautions for the safety of persons on and using said premises; and in being otherwise negligent and careless.

26. The subject premises herein and the parts thereof constituted a public and private nuisance and a trap for the unaware and more particularly the plaintiff herein.

27. That the damages in this action exceed the jurisdiction of the lower courts which would otherwise have jurisdiction over the subject matter.

28. That due to the aforesaid, plaintiff suffered damages in an amount to be determined by the Court.

**WHEREFORE,** Plaintiff demand judgment against the Defendants herein for compensatory and consequential damages, including damages for physical and emotional pain and suffering, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial, as well as all economic loss on all claims allowed by law, attorneys fees allowed by law, and any further relief that this court deems just and proper, and any other relief as allowed by law.

Dated: New York, New York
       October 2, 2020



Yours, etc.,

**NAPOLI SHKOLNIK, PLLC.**

*/s/ Joseph P. Napoli*

By:  Joseph P. Napoli, Esq.
     Attorneys for Plaintiff
     360 Lexington Avenue – 11th Floor
     New York, New York 10017-6502
     (212) 397-1000

To:  **THE NEW YORK CITY HEALTH**
     **AND HOSPITALS CORPORATION**
     125 Worth Street – Room 527
     New York, New York 10019

     **JACOBI MEDICAL CENTER**
     1400 Pelham Parkway South
     Bronx, New York 10461



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VINCENT MORAN,<br><br>                              Plaintiff(s),<br><br> -against-<br><br>THE NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, and JACOBI MEDICAL CENTER<br><br>                              Defendant(s). | **Docket No.: 20-cv-8225**<br><br>**VERIFICATION** |

**STATE OF NEW YORK     }**
**COUNTY OF NEW YORK } ss:**

      **JOSEPH P. NAPOLI, ESQ.,** an attorney admitted to practice in the Courts of New York State, states:

      1.    Affirmant is a senior partner of the law firm of NAPOLI SHKOLNIK, PLLC, attorneys of record for the plaintiff in the within action. Affirmant has read the foregoing VERIFIED COMPLAINT and knows the contents thereof; the same is true to affirmant's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters, affirmant believes it to be true.

      2.    This verification is made by affirmant and not by plaintiff, for the reason that plaintiff's residence is not in the county where affirmant maintains his office.

      3.    The ground of affirmant's belief as to all matters not stated upon affirmant's knowledge are as follows: information furnished by plaintiff and counsel's investigation.  The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated:  New York, New York
        October 2, 2020


By:   Joseph P. Napoli, Esq.



Docket No.: 20-cv-8225
UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK

**VINCENT MORAN,**

                          **Plaintiff(s),**

    *-against-*

**THE NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, and JACOBI MEDICAL CENTER**

                         **Defendant(s).**

**SUMMONS & VERIFIED COMPLAINT**

**NAPOLI SHKOLNIK, PLLC.**
Attorneys for Plaintiffs
360 Lexington, Avenue 11th Floor
New York, New York 10017-6502
(212) 397-1000

To
Attorney(s) for

Service of a copy of the within _____ is hereby admitted.

Dated:
Attorney(s) for Plaintiff

Sir:

☐ Please take notice that the within is a (certified) true copy of a _____
duly entered in the Office of the Clerk of the within named Court on _____, 20___

☐ Please take Please take notice that an Order of _____
which the within is a true copy will be presented for settlement to the Hon. _____
one of the Judges of the within named Court, at _____ on _____, 20___
at ___:_____ ☐ a.m./ ☐ p.m.

